UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

BARBARA M. KENNEDY

    Plaintiff,

V.                                                    CIVIL ACTION NO.

AMERICAN HONDA FINANCE CORPORATION.

    Defendant,

## COMPLAINT

**FIRST COUNT:**

1. This is an action for a declaratory judgment, an injunction and damages for Violation of the federal Consumer Leasing Act, 15 U.S.C. § 1667 et seq. and for violation of the Md. Annotated <u>Commercial Law</u> Consumer Practices Act, 13- 101 et al.

2. This Court has jurisdiction over the Consumer Leasing Act claims pursuant to 15 U.S.C. § 1667 d ( c ).

3. All other claims in addition to the claims alleged under the CLA are claims that are part of the same case or controversy among the parties. This Court has supplemental jurisdiction over these other claims pursuant to 28 U.S.C. § 1367.

4. Plaintiff Barbara M. Kennedy is a resident of Anna Arundel County and State of Maryland.

5. Defendant, American Honda Finance Corporation, ("AHFC") is the assignee of

the contract, and is a foreign corporation and finance company, which does business in the State of Maryland.

6. At all times herein AHFC agents, were at all time acting within the course and scope of his or her employment or agency.

7. Defendant AHFC is subject to all Plaintiff's claims and defenses.

8. At all times herein, AHFC in the ordinary course of business regularly arranged or entered into consumer lease transactions, as defined in 15 U.S.C. § 1667.

9. AHFC is a lessor within the meaning of 15. U.S.C. § 1667, et seq., and Regulation M and rules promulgated thereunder.

10. On or about October 31, 2007, Plaintiff entered into a consumer lease and the lease so states, with AHFC which was to terminate 36 months thereafter.

11. On or about July 18, 2009, Plaintiff's lease vehicle was stolen and declared a total loss.

12. Defendant AHFC did not provide the information required to be disclosed by 15 U.S.C. § 1667, et seq., and Regulation M thereunder at or prior to consummation of the transaction.

13. It was apparent on the face of the lease to Defendant AHFC that the information required to be disclosed by 15 U.S.C. § 167 et seq., and Regulation M was improperly disclosed.

14. AHFC did not disclose the sales tax on the Capitalized Cost Reduction.

15. AHFC did not disclose the initial title fees.

16. AHFC did not disclose the initial registration fees.

17. AHFC did not disclose the monthly sales/use tax.

19. Plaintiff has suffered and will suffer monetary loss and inconvenience as a result of AHFC's actions.

## SECOND COUNT:

20. The allegations of Paragraph No. 10 of the First Count are repeated as if fully set forth herein.

21. AHFC committed one or more unfair or deceptive acts or practices in violation of Maryland Consumer Practices Act, § 13-101 et seq., including but not limited to failing to disclose to Plaintiff accurate financial terms of the transaction, failing to disclose the adverse consequences of a lease transaction, eliciting her agreement to the transaction by making deceptive representations.

22. AHFC, after lease termination, has refused to return payment made to it after the vehicle was totaled.

23. AHFC, after lease termination, has charged Plaintiff fees for excessive wear and use and has failed to itemize the list of excess wear to the motor vehicle and the estimated or actual cost of repairing or replacing each item listed in violation of Consumer Protection Act § 14-2005.

24. AHFC, after lease termination, in violation of Consumer Protection Act § 14-2005, charged Plaintiff fees for excess wear and use when in fact the Vehicle that is the subject of this case was purchased by Plaintiff's insurer.

25. AHFC, after lease termination, on or about September 25, 2009 contacted Plaintiff's attorney and advised that the after lease payments are immediately due and if not paid, will be charged off, affecting Plaintiff's credit, notwithstanding Plaintiff received a letter dated September 22, 2009 advising Plaintiff had 30 days to make payment.

26. Plaintiff has suffered and will suffer monetary loss as a result of AHFCs' action.

WHEREFORE, it is respectfully prayed that this Court:

1. Award Plaintiff statutory damages of $1,000.00 for disclosed violations, actual damages, costs and a reasonable attorney's fee on Count I.

2. Award Plaintiff actual damages, compensatory damages, costs and attorney's fees for violation of the Maryland Consumer Practices Act under Count II.

3. Order such other or further relief as the Court deems just or equitable.

THE PLAINTIFF

BY /s/ *signature*
Bernard T. Kennedy, Esquire
The Kennedy Law Firm
P.O. Box 657
Edgewater, MD 21037
Ph (443) 607-8901
Fax (443) 607-8903
Fed. Bar # Md26843
bernardtkennedy@yahoo.com